UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.

PAUL GRIMWOOD, et al.,

    Defendant.

Case No. C22-00837-TL-SKV

REPORT AND RECOMMENDATION

Plaintiff John Robert Demos, Jr., a state prisoner, has filed an application to proceed in forma pauperis ("IFP") and a proposed civil rights complaint. Dkts. 1, 1-1. Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993).

Plaintiff names as Defendants in this action Paul Grimwood, C.E.O Nestle USA, Inc., Van Beurden, C.E.O. Shell Oil Company, and James Dimon, C.E.O. of JP Morgan Chase Company. Dkt. 1-1. Plaintiff alleges "impairment of contract" by Defendants. *Id.* He alleges that Defendants, who were "on the verge of bankruptcy", approached him through his

intermediaries and informed him he should agree to be a "surety" or a "bondsmen" for Defendants' companies and that in return he would receive huge tax write offs and refund credits for his corporation. *Id.* He alleges Defendants then cancelled their oral contract and that this cost Plaintiff billions of dollars in tax credits, refunds, rebates, interest and revenue. *Id.*

Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g., Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00502-LK-JRC (W.D. Wash. 2022); *Demos v. State of Wash. et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022). This alone precludes Plaintiff from proceeding with this action. However, there is an additional restriction on Plaintiff's submission.

Specifically, this action is also subject to dismissal because Plaintiff fails to meet the requirements of 28 U.S.C. § 1915(g). Under § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's submission does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Indeed, Plaintiff's submission contains no allegation whatsoever that he faced imminent danger of serious physical injury at the time of filing.[1]

Based on the foregoing, this Court recommends that Plaintiff's IFP application, Dkt. 1, be DENIED and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within twenty-one (21) days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within fourteen (14) days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 26, 2022**.

Dated this 3rd day of August, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] The Court notes that it appears the Defendants in this action may reside in a different district. *See* Dkt. 1-1. However, as discussed, it is clear that Plaintiff is barred from filing his case in this district and that his case is also subject to dismissal under 28 U.S.C. § 1915(g). Further, even if this case were more properly filed in another district, the Court would decline to transfer the case in the interests of justice and would recommend dismissal as Plaintiff's complaint does not appear to present a viable claim. *See* 28 U.S.C. § 1406(a) (When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

REPORT AND RECOMMENDATION - 3