UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff(s), <br> v. <br><br> PAUL GRIMWOOD et al., <br><br> Defendant(s). | CASE NO. 2:22-cv-00837-TL <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 2) and Plaintiff John Robert Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 3). Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court ADOPTS the Report and Recommendation, OVERRULES the objections, and DISMISSES this case without prejudice.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Mr. Demos' sole objection to the Report and Recommendation is that the case should have been transferred to a different district. However, 28 U.S.C. § 1915(g) states: "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Consequently, given Mr. Demos' particular history, the receiving court would be required to dismiss because the claims in his complaint do not plausibly allege any "imminent danger of serious physical injury," regardless of where his case was transferred. In addition, the complaint does not appear to present any viable claims; thus, it would not be in the interest of justice to transfer the case. 28 U.S.C. § 1406(a). It therefore follows that the Court is required to dismiss this case. *Id.*

Accordingly, the Court ORDERS:

1. Plaintiff's objection is OVERRULED;
2. The Report and Recommendation is approved and ADOPTED;
3. Plaintiff's application to proceed in forma pauperis (Dkt. No. 1) is DENIED;
4. This matter is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) and standing bar orders, *see In re John Robert Demos*, MC91-269-CRD (W.D. Wash.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

5. The Clerk is directed to send copies of this Order to the parties and to Judge Vaughan.

Dated this <u>30th</u> day of August 2022.

Tana Lin
United States District Judge